UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>KREE, LLC,<br><br>Defendant. | Case No. 3:17-cv-00730-LRH-WGC<br><br>ORDER |

In *Berezovsky v. Moniz*, the Ninth Circuit held that the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preempts Nevada law from permitting the nonconsensual foreclosure of Federal Housing Finance Agency ("Agency") assets. 869 F.3d 923, 930–31 (9th Cir. 2017). Plaintiff Federal National Mortgage Association ("Fannie Mae") moves for summary judgment in this nonjudicial foreclosure matter under the *Berezovsky* holding. ECF No. 11. Defendant Kree, LLC ("Kree") opposed the motion, and Fannie Mae replied. ECF Nos. 14, 15.

Under *Berezovsky*, Fannie Mae's interest in the at-issue property cannot be extinguished by a nonjudicial foreclosure without consent from the Agency. Because no such consent was given, the court grants Fannie Mae's motion for summary judgment.

**I.     BACKGROUND**

In 2007, Richard and Guadalupe Geer obtained a loan from IndyMac Bank, FSB to purchase property located at 5949 Quintessa Court, Sparks, Nevada 89436. ECF No. 11,

Ex. 1.[1] The Geers then executed a deed of trust to secure the loan. *Id.* The deed of trust designated IndyMac Bank as the lender, First American Title Insurance Company as the trustee, and Mortgage Electronic Registration, Inc. ("MERS") as the beneficiary under the deed of trust solely as nominee for the lender and its successors and assigns. *Id.* Fannie Mae acquired the loan and became the beneficiary under the deed of trust by way of multiple assignments. ECF No. 11, Exs. 3–4.

In March 2016, a deed in foreclosure of assessment lien was recorded against the property. ECF No. 11, Ex. 5. The foreclosure deed indicates that Kree purchased the property at a nonjudicial foreclosure in December 2015. *Id.*

Fannie Mae asserts that the nonjudicial foreclosure could not extinguish the first deed of trust on the property because the Agency did not consent to the foreclosure. *See* ECF No. 1. It sued Kree in December 2017, alleging six causes of action: (1) declaratory relief under the federal foreclosure bar; (2) quiet title under the federal foreclosure bar; (3) declaratory relief under the Fifth and Fourteenth Amendments to the United States Constitution; (4) quiet title under Fifth and Fourteenth Amendments to the United States Constitution; (5) declaratory relief for an inequitable foreclosure sale; and, (6) quiet title for an inequitable foreclosure sale. *Id.* It now moves for summary judgment on the claims related to the federal foreclosure bar. ECF No. 11.

**II.     LEGAL STANDARD**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec.*

---

[1] The court takes judicial notice of the publicly-recorded documents attached to and cited in the parties' papers. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.     DISCUSSION**

The court must address three issues to resolve the motion for summary judgment. It first determines if the applicable statutes of limitations bars Fannie Mae's claims. The court then considers if the doctrine of laches bars Fannie Mae's claims. The court finally decides if the federal foreclosure bar preempts Nevada law from allowing a nonjudicial foreclosure to extinguish Fannie Mae's interest in the at-issue property without consent.

/ / /

/ / /

3

## A. The Statutes of Limitations

To begin, the court turns to the applicable statutes of limitations. Two of Fannie Mae's claims rely on the federal foreclosure bar: claim one (declaratory relief) and claim two (quiet title). Kree argues that the claims fall under the two-year statute of limitations in NRS § 11.190(4)(b) because the matter involves a forfeiture under a state statute. ECF No. 14 at 4. The court disagrees.

Fannie Mae brings its two claims for a single purpose: to obtain an order declaring that its interest in the at-issue property survived the nonjudicial foreclosure. The purpose of Fannie Mae's claims therefore aligns with the purpose of a quiet-title claim. Nevada law imposes a five-year statute of limitations on quiet-title claims. NRS §§ 11.070–11.080; *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) (citing NRS § 11.070 as imposing a five-year statute of limitations on a claim to quiet title in Nevada). Fannie Mae brought its claims within five years of the foreclosure sale, meaning its claims are timely.

## B. The Doctrine of Laches

The court next turns to Kree's arguments under the doctrine of laches. Kree argues that the doctrine of laches bars Fannie Mae's equitable claims because Fannie Mae delayed filing suit until two years after the foreclosure sale occurred. ECF No. 14 at 3. Kree further argues that it changed its position during the delay by financing the maintenance of the property. *Id.* at 4.

"The affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002). "[A] laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).

Kree fails to overcome the strong presumption that laches is inapplicable since Fannie Mae filed its suit within the applicable five-year statute of limitations. Fannie Mae, in fact, filed suit just over two years after the foreclosure sale occurred. Because Kree fails to show a lack of diligence by Fannie Mae, its laches defense fails.

4

### C. The Federal Foreclosure Bar

The court finally turns to the issue at the center of the motion: whether the federal foreclosure bar preempts Nevada law from allowing a nonjudicial foreclosure from extinguishing Fannie Mae's interest in the at-issue property.

Fannie Mae was placed into the conservatorship of the Agency in 2008. *See* ECF No. 11 at 3; ECF No. 11, Ex. 5; ECF No. 14 at 5. The Agency therefore acquired Fannie Mae's "rights, titles, powers, and privileges… with respect to [its] assets." 12 U.S.C. § 4617(b)(2)(A)(i). Under the provision known as the federal foreclosure bar, "[n]o property of the Agency shall be subject to … foreclosure … without the consent of the Agency[.]" *Id.* § 4617(j)(3).

In *Berezovsky*, the Ninth Circuit held that the federal foreclosure bar "unequivocally expresses Congress's 'clear and manifest' intent to supersede any contrary law, including state law, that would allow foreclosure of Agency property without its consent." 869 F.3d at 930–31. Thus, the federal foreclosure bar preempts Nevada laws that allow nonjudicial foreclosures to extinguish the Agency's property interest without consent. *Id.* at 931.

Kree asks the court to ignore the *Berezovsky* decision and to follow state law related to nonjudicial foreclosures. ECF No. 14 at 5–6. The court declines to do so; the Ninth Circuit's *Berezovsky*'s decision is binding on this court. But even if the court were to follow state law rather than the *Berezovksy* decision, the Nevada Supreme Court recently issued a decision that comports with *Berezovksy*. In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, the Nevada Supreme Court held that the federal foreclosure bar implicitly preempts Nevada's nonjudicial-foreclosure statutes that allow a foreclosure sale to extinguish Agency assets without consent. 417 P.3d 363 (Nev. 2018).

Because the nonjudicial foreclosure occurred without the consent of the Agency, the foreclosure sale could not have extinguished the deed of trust under which Fannie Mae held the beneficial interests. The court therefore grants summary judgment in favor of Fannie Mae on its quiet title claim brought under 12 U.S.C. § 4617(j)(3).

/ / /

/ / /

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Federal National Mortgage Association's motion for summary judgment (ECF No. 11) is **GRANTED** on claim two.

IT IS SO ORDERED.

DATED this 5th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE